1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JUAN JOSE SALAZAR, et al.,          )    NO. CV 07-01854 SJO (VBKx)
                                         )
12                    Plaintiffs,        )
                                         )
13                                       )    **ORDER GRANTING PLAINTIFFS' MOTION**
                                         )    **TO REVIEW AND SET ASIDE CLERK'S**
14             v.                        )    **ORDERS AWARDING COSTS**
                                         )
15   ARNOLD SCHWARZENEGGER, et al.,      )
                                         )
16                                       )
                                         )
17                    Defendants.        )
   _____)
18

19          This matter is before the Court on Plaintiffs' Motion to Review and Set Aside Clerk's Orders

20   Awarding Costs, filed October 23, 2008.  Defendants County of Los Angeles and City of

21   Escondido filed Oppositions, in which Defendants City of Long Beach and City of Los Angeles

22   joined and to which Plaintiffs replied.  The Court found this matter suitable for disposition without

23   oral argument and vacated the hearing set for November 17, 2008.  *See* Fed. R. Civ. P. 78(b).

24   Because of the following reasons, Plaintiffs' Motion is GRANTED.

25   I.     BACKGROUND

26          Plaintiffs, the owners of cars impounded by law enforcement agencies pursuant to

27   California Vehicle Code § 14602.6, brought suit against Defendants challenging the

28   constitutionality of the statute.  The Court granted summary judgment in favor of Defendants on

1   September 8, 2008. (Docket No. 352). Despite Plaintiffs' objections, the Clerk of the Court taxed

2   Plaintiffs costs in amounts ranging from just under $1000 to over $5500 for each Defendant,

3   totaling $18,426.07. (Docket Nos. 342-347.)  Plaintiffs now ask the Court to set aside each

4   Defendants' entire cost bills, or in the alternative to stricken a number of specific items and reduce

5   Defendants' cost bills accordingly. (Pls.' P. & A. 11.)

6   II.    DISCUSSION

7          Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these

8   rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to

9   the prevailing party."  "By its terms, the rule creates a presumption in favor of awarding costs to

10  a prevailing party, but vests in the district court discretion to refuse to award costs."  *Ass'n of*

11  *Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).  A district court refusing

12  to award costs must "specify reasons" for its refusal to do so.  *Id.*  Courts have refused to award

13  costs for a variety of reasons, including the losing party's limited financial resources, misconduct

14  on the part of the prevailing party, the economic disparity between the parties, the "chilling effect

15  of imposing such high costs on future civil rights litigants," whether the case "involves issues of

16  substantial public importance," whether the issues in the case are "close and difficult," and

17  whether the plaintiff's case, though unsuccessful, had some merit.  *Id.* at 592.

18         Here, Plaintiffs assert multiple grounds for a denial of costs, including the substantial

19  importance of the issues in the case, the economic disparity between the parties, the complexity

20  of the issues, the merits of their case, and the concern over chilling civil rights litigation.  Plaintiffs

21  also argue that Defendants incurred unnecessary costs by failing to raise the argument on which

22  they ultimately prevailed until the summary judgment stage.  In support of their economic disparity

23  argument, Plaintiffs submitted a number of declarations that show they are either unemployed or

24  have low incomes roughly equal to or less than their expenses.[1]  In addition, many have multiple

25

26

27         [1] Of the Plaintiffs who are employed, most of them have monthly incomes under $2,000.
    (Pls.' Decls., Docket No. 358.)

28

1  family members dependent on them for support, and some are in substantial debt.  Each states

2  that paying any portion of Defendants' costs would be a serious financial hardship.

3        Based on Plaintiffs' declarations, the Court finds requiring Plaintiffs to pay Defendants' costs

4  would impose serious financial hardship on them, and that there is a significant economic disparity

5  between them and Defendants.  In addition, Plaintiffs' case was not without merit, and was

6  pursued in good faith.  Lastly, imposing these costs on Plaintiffs could "chill individual litigants of

7  modest means seeking to vindicate important rights. . . ."  *See Washburn v. Fagan*, No. 03-00869,

8  2008 U.S. Dist. LEXIS 13049, at *8 (N.D. Cal. Feb. 11, 2008) (citing *Stanley v. University of S.*

9  *California*, 178 F.3d 1069, 1080 (9th Cir. 1999)); *see also Mansourian v. Bd. of Regents*, No. 03-

10  2591, 2008 U.S. Dist. LEXIS 75014, at *8-9 (E.D. Cal. Jul. 15, 2008) (holding that imposing costs

11  on plaintiffs whose incomes "barely cover [their] monthly expenses" would "likely deter potential

12  litigants from testing the boundaries of our laws").  Thus, the totality of the circumstances of this

13  case makes imposing costs on Plaintiffs inappropriate.

14  III.    <u>RULING</u>

15        For the foregoing reasons, Plaintiffs' Motion to Review and Set Aside Clerk's Orders

16  Awarding Costs is GRANTED.

17

18        IT IS SO ORDERED.

19

20  November 25, 2008

21                  /S/ S. James Otero

22  _____

23                  S. JAMES OTERO
            UNITED STATES DISTRICT JUDGE

24

25

26

27

28